IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KAYLA GILES COUTEE, §
 §
 Plaintiff, §
 §
v. § CIVIL ACTION NO. H-19-2312
 §
 §
ROBERT WILKIE, SECRETARY OF §
VETERANS AFFAIRS, §
 §
 Defendant. §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kayla Giles Coutee ("Plaintiff") appeals an Equal Employment Opportunity Commission ("EEOC") final agency decision that awarded her $23,000 for disability discrimination against defendant Robert Wilkie, Secretary of Veterans Affairs ("Defendant").[1] Pending before the court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket Entry No. 9) ("Motion to Dismiss"). For the reasons explained below, Defendant's Motion to Dismiss will be granted.

I. **Factual and Procedural Background**

In September of 2017 Plaintiff filed a complaint with the EEOC alleging that her then-employer, the Waco Regional Benefit Office within the Veterans Benefits Administration, discriminated against

---

[1] See Complaint for a Civil Case ("Complaint"), Docket Entry No. 1, pp. 1, 3-4. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

her based on a disability.² The EEOC investigated and on October 30, 2018, issued a decision that Defendant had discriminated against Plaintiff.³ On March 19, 2019, the EEOC issued a damages decision awarding Plaintiff $23,000 in compensatory damages.⁴

Plaintiff, proceeding pro se, filed her Complaint in this action on June 17, 2019, within the 90-day filing deadline to appeal the EEOC decision.⁵ Her Complaint asks the court to review the compensatory damages and other relief the EEOC decision granted her and claims she should have been awarded $300,000 in compensatory damages.⁶ Defendant filed his Motion to Dismiss under Rule 12(b)(1) on October 21, 2019.⁷ Defendant argues that the court lacks subject matter jurisdiction because Plaintiff only asks the court to review the EEOC's damages determination, and district courts may not engage in partial de novo review of final agency

---

²Final Agency Decision on Compensatory Damages, Exhibit 3 to Complaint, Docket Entry No. 1-3, pp. 1-2.

³Complaint, Docket Entry No. 1, p. 4 ¶ III; Final Agency Decision on Compensatory Damages, Exhibit 3 to Complaint, Docket Entry No. 1-3, pp. 1-2.

⁴Complaint, Docket Entry No. 1, p. 4 ¶ III; Final Agency Decision on Compensatory Damages, Exhibit 3 to Complaint, Docket Entry No. 1-3, pp. 1, 15, 17.

⁵Complaint, Docket Entry No 1, p. 1.

⁶Id. at 4 ¶ IV.

⁷Motion to Dismiss, Docket Entry No. 9.

decisions.[8] Plaintiff has not filed a response; the response was due November 12, 2019. Fed. R. Civ. P. 6(a)(1), 27(a)(3)(A); Local Rules 7.3, 7.4.

**II.   Nature of Motion and Standard of Review**

**A.   Subject Matter Jurisdiction**

Defendant frames his motion as a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Plaintiff's Complaint states that the court has federal question jurisdiction under 28 U.S.C. § 1331.[9] Federal question jurisdiction exists when federal law creates the cause of action. Borden v. Allstate Insurance Co., 589 F.3d 168, 172 (5th Cir. 2009). The basis pled in the Complaint is "Appeal of Final Agency Decision on Compensatory Damages."[10] Because Plaintiff proceeds pro se, the court must construe her Complaint liberally. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). The substance of Plaintiff's action is a disability discrimination claim under the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act.

The Rehabilitation Act creates a cause of action for federal employees against whom the government discriminates on the basis of disability. 29 U.S.C. § 791; Pinkerton v. Spellings, 529 F.3d 513,

---

[8]Id. at 4-5.

[9]Complaint, Docket Entry No. 1, p. 3 ¶ II.

[10]Id. ¶ II.A.

515 (5th Cir. 2008). The same "remedies, procedures, and rights" set forth in Title VII of the Civil Rights Act for other employment-discrimination claims applies to disability-discrimination claims under the Rehabilitation Act. 29 U.S.C. § 794a. A federal employee must exhaust available administrative remedies, usually with the EEOC, before bringing an employment-discrimination suit in federal court. Hampton v. I.R.S., 913 F.2d 180, 182 (5th Cir. 1990). An employee who has received a final agency determination on the claim may file a civil action in federal court appealing their claim. 42 U.S.C. § 2000e-169(c). Plaintiff's claim and right to present her appeal were created by these federal statutes and accordingly there is federal subject matter jurisdiction over this action. See Borden, 589 F.3d 168 at 172.

Defendant cites several cases that establish that an appeal of a final agency decision in federal court cannot be a partial de novo review of only the damages awarded; if an employee seeks de novo review, liability and remedies must both be re-tried.[11] E.g., Massingill v. Nicholson, 496 F.3d 382, 384-85 (5th Cir. 2007). But courts have not treated an impermissible request for partial de novo review as a jurisdictional defect. See id. at 384, 386 (reversing the district court's grant of summary judgment without mentioning jurisdiction); Timmons v. White, 314 F.3d 1229,

---

[11]Motion to Dismiss, Docket Entry No. 9, pp. 4-5.

1237-38 (10th Cir. 2003) (affirming the district court's grant of summary judgment without mentioning jurisdiction); Herron v. Veneman, 305 F. Supp. 2d 64, 75-76, 79 (D.D.C. 2004) (dismissing a claim for partial review of a final agency decision for failure to state a claim, not lack of jurisdiction). Because the defect in Plaintiff's Complaint identified by Defendant is not jurisdictional, the court will construe Defendant's Motion to Dismiss as a 12(b)(6) motion to dismiss for failure to state a claim. See Aldridge v. United States, Civil No. 7:06-CV-0050-R, 2006 WL 2423417, at *1 n.2 (N.D. Tex. 2006) (construing a 12(b)(1) motion to dismiss as a 12(b)(6) motion because the latter was a more appropriate vehicle for the defendant's argument).

**B.  Rule 12(b)(6) Standard of Review**

The Federal Rules of Civil Procedure permit dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). To defeat a motion to dismiss a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "Detailed factual allegations" are not required at this stage, but a complaint that establishes the grounds that entitle

the plaintiff to relief "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id. at 1959. In ruling on a Rule 12(b)(6) motion the court must "accept the plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff." Chauvin v. State Farm Fire & Casualty Co., 495 F.3d 232, 237 (5th Cir. 2007).

### III. Analysis

A federal-sector employee suing under Title VII may file two types of civil actions: a suit to enforce the administrative disposition or a de novo review of the disposition. Massingill, 496 F.3d at 384. A suit for de novo review requires the court to try the claim de novo for both liability and the remedy. Id. at 385. De novo review of only the remedial award is not available. Id.

Plaintiff's Complaint makes clear that she seeks de novo review of only the amount of damages awarded.[12] Because partial de novo review is not permitted, she has not stated a claim for which relief may be granted. See Herron, 305 F. Supp. 2d at 75-76, 79.

Plaintiff's Complaint also states she is entitled to the relief instructed in the October 30, 2018, agency determination.[13] Liberally construed, this appears to request the court to enforce

---

[12]Complaint, Docket Entry No. 1, p. 4 ¶¶ III, IV.

[13]Id. at 4 ¶ IV.

-6-

the final agency disposition, which is the permitted alternative to full de novo review. Id. at 384. But Plaintiff does not say what relief she is entitled to under the October 30, 2018, determination that she would seek to enforce, nor has she attached that agency determination to her Complaint. Plaintiff therefore has not alleged facts that demonstrate she is entitled to relief, and the court must dismiss the action for failure to state a claim.

## IV. Conclusion and Order

For the reasons explained above, Plaintiff has failed to state a claim for which relief may be granted. Although the deficiencies in Plaintiff's Complaint may be curable, Plaintiff has not responded to Defendant's Motion to Dismiss or requested leave to amend. Accordingly, Defendant Robert Wilkie's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket Entry No. 9) is **GRANTED,** and Plaintiff's claim will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this 18th day of November, 2019.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE